UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

                Plaintiff,

-against-

JOHN DOE subscriber assigned IP address 173.68.49.212

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/16/2021

1:21-cv-00261

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      The Court has reviewed Plaintiff's Motion for Leave to Serve a Third-Party Subpoena on Verizon Internet Services ("Verizon"). *See* ECF Nos. 6-7. Plaintiff seeks to serve a subpoena to discover the name and address of a Verizon internet customer who allegedly downloaded Plaintiff's copyrighted works illegally. For the reasons set forth in Plaintiff's Memorandum of Law in Support of the Motion [ECF No. 7], Plaintiff has established good cause to be permitted to serve a subpoena before the Rule 26(f) conference in this case. *See Arista Records LLC v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010) (describing the "appropriate general standard" for expedited discovery). Accordingly, and for the following reasons, the Motion is GRANTED.

      Specifically, Plaintiff has established "'(1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.'" *Id.* (quoting *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)) (alterations in original). Plaintiff's Complaint [ECF No. 1] establishes a *prima facie* case of copyright infringement. *See* Complaint, ECF No. 1, ¶¶ 27-46, Ex. A. The request for discovery is limited only to the discovery of the identity and address of a single person, and

1

Verizon is only person who can link the IP address associated with the allegedly illegal downloads to a real-world person. Plaintiff's claims cannot proceed without the identity of the John Doe defendant in this case, and Defendant's privacy interest is outweighed by Plaintiff's ability to prosecute an alleged copyright violation. *See United States v. Ulbricht*, 858 F.3d 71, 97 (2d Cir. 2017) (holding party has no "legitimate privacy interest" in "IP address routing information").

Plaintiff may serve Verizon with a Rule 45 subpoena seeking the name and address of Defendant, to whom Verizon assigned the IP address in the Complaint. Plaintiff must serve a copy of this order on Verizon at the same time it serves the subpoena. To the extent Verizon is a "cable operator" pursuant to 47 U.S.C. section 522(5), it shall comply with 47 U.S.C. section 551(c)(2)(B).

IT IS FURTHER ORDERED that Plaintiff may only use the information disclosed as a result of the anticipated subpoena to prosecute its claims in this action.

**SO ORDERED.**

Date: **February 16, 2021**  
New York, NY

**MARY KAY VYSKOCIL**  
**United States District Judge**